**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**UNITED STATES OF AMERICA,**

     v.                                                                                          **No.: 2:08cr104**
                                                                                             **No.: 2:08cr153**

**JOSUE OSMARO GARCIA-OCHOA,**

     **Defendant.**

**AMENDED OPINION AND ORDER**

This matter comes before the Court via two cases and two separate indictments involving the Defendant, Josue Osmaro Garcia-Ochoa ("Garcia-Ochoa" or "Defendant"). In all, the Government presented at trial eight (8) counts against the Defendant for various violations of the United States Code.

All of the counts involve the Defendant's misrepresentations of his legal status within the United States of America on several Immigration and Naturalization Service (INS)[1] I-9 Employment Eligibility Verification Forms ("I-9 Form"). The I-9 Form, produced by the Department of Homeland Security, requires a person to declare, under oath, the nature of his or her legal status to work within the United States.

In the first case, 2:08cr104, the Government presented a superseding indictment which

---

[1] The INS is now called the United States Citizenship and Immigration Services (USCIS), but the I-9 Form predates the creation of the new office. The USCIS is part of the Department of Homeland Security (DHS). See Immigration, http://www.dhs.gov/ximgtn/ (last visited February 5, 2009). The Department is responsible for, among other things, enforcing federal immigration laws.

identified six criminal counts against the Defendant for various statutory infractions involving his statements on the I-9 Form. In the second case, 2:08cr153, the Government presented two counts against the Defendant for an additional and similar-styled offense.

For the foregoing reasons, the Court finds the Defendant **GUILTY** as to Counts One, Two, Four, and Five of the Superseding Indictment (2:08cr104). As to the second case and its accompanying indictment (2:08cr153), this Court finds the Defendant **GUILTY** of Count Two. This Court finds the Defendant **NOT GUILTY** of Counts Three and Six of the Superseding Indictment (2:08cr104). This Court finds the Defendant **NOT GUILTY** of Count One of the Indictment in the second case (2:08cr153).

I. **PROCEDURAL BACKGROUND**

This case comes to the Court as the result of the Government's unnecessarily complicated and confusing manner and method of prosecution.

As a result of a Government investigation, the Defendant became the sole subject of two criminal cases which involved similar related acts and similar criminal charges. In the interests of justice and efficiency, this Court conducted one trial for both criminal cases. What follows is a description of the procedural history of this criminal matter.

A. **Case 2:08cr104**

On June 18, 2008, a Grand Jury charged Mr. Garcia-Ochoa with three counts of making a false statement in violation of 18 U.S.C. § 1001 and one count of false representation of U.S. Citizenship in violation of 18 U.S.C. § 911. Mr. Garcia-Ochoa received an arraignment before Magistrate Judge Bradberry on June 25, 2008.

On August 20, 2008, a superseding indictment was returned and filed. The Defendant

received an arraignment before Magistrate Judge Miller on August 27, 2008. The new indictment charged the Defendant with three counts of providing a false statement in violation of 18 U.S.C. § 1001, one count of false representation of U.S. Citizenship in violation of 18 U.S.C. § 911, and two counts of false subscription to immigration document in violation of 18 U.S.C. § 1546(a). The Defendant pled not guilty to the charges.

### B. Case 2:08cr153

On September 19, 2008, a Grand Jury charged the Defendant with one count of false representation of U.S. Citizenship in violation of 18 U.S.C. § 911 and one count of false statement in violation of 18 U.S.C. § 1001. The Defendant was initially scheduled to receive an arraignment on September 24, 2008; the arraignment was later reset for October 1, 2008.

On September 24, 2008, Judge Jackson of the Eastern District of Virginia ordered that the indictment in this case (case number 2:08cr153) be joined for trial with the superseding indictment in case number 2:08cr104. United States v. Josue Osmaro Garcia-Ochoa, No. 2:08cr104 (E.D. Va. September 24, 2008) (order joining indictments). Accordingly, the two cases were joined for trial and were presented before this Court.

### C. Waiver of Jury Trial

The Defendant appeared before this Court on January 27, 2009 to stand trial for the charges in the two cases. At trial, the Defendant requested a bench trial, thereby waiving his constitutional right to trial by a jury of his peers. This Court, after considering the Defendant's request and receiving the consent of the Government, granted the Defendant's waiver and commenced trial without a jury. See United States v. Van Metre, 150 F.3d 339, 353-54 (4th Cir. 1998) (stating that the waiver of a jury trial can be conditioned upon the consent of the prosecuting attorney and the trial judge).

## II.    FACTUAL BACKGROUND

After the Defendant waived his right to trial by jury, the Government presented the following information which the Court entered into evidence.

The Defendant was born in San Salvador, El Salvador in 1975, and entered into this country through the City of Houston in 1998. (Ex. JOGO-2; Ex. CIS-1A.) He obtained temporary protected status to remain in the United States because citizens of El Salvador received protected status following a natural disaster in that country. (Ex. CIS-1A.)

For whatever reason, Mr. Garcia-Ochoa relocated to Hampton Roads, Virginia. Once in Hampton Roads, he sought employment at a variety of businesses in the area.

In January 2006, he applied for a job with Century Concrete Company. (Ex. CENT-2), and worked for that company for approximately three months before his supervisor released him due to bad performance (Ex. CENT-6). In seeking employment with Century, the Defendant completed an I-9 Form in which he reported to the company that he was a citizen or national of the United States. (Ex. CENT-1.) Persons at Century Concrete testified that Mr. Garcia-Ochoa was a good worker, but he apparently failed to follow instructions and procedures.

In June 2006, the Defendant sought employment with S.B. Ballard Construction Company. (Ex. BALL-3.) In seeking his employment with Ballard, the Defendant completed a second I-9 Form in which he stated his status to be "[a] citizen or national of the United States." (Ex. BALL-1.) The Defendant worked there for a period of a few months until he failed to show for work and was removed from the employment roster.

Later in 2006, the Defendant sought employment with Heard Construction. (Ex. HEARD-1.) Again, he completed an I-9 Form in which he declared, under penalty of perjury, that he was a United States citizen or national. (Ex. HEARD-2.) Heard hired him and he began

work.

Heard received a contract working on the Norfolk Naval Base not long after the Defendant joined the company. In the process of procuring that contract, Heard forwarded its employee records to the Navy so that security officials could screen potential workers and grant these workers access to Navy bases. (Ex. HEARD-3.) Upon learning of the likelihood that he would work on the Navy base, the Defendant completed a new I-9 Form in which he declared himself to be "[a]n alien authorized to work until 3/09/09." (Ex. NAVY-2.)

This newly submitted I-9 Form then triggered a signal in the Navy's database that alerted officials of a discrepancy in the Defendant's employment records. (Ex. NAVY-1.)

What ensued shortly thereafter was an investigation conducted by several government agencies, to include the United States Department of State. (Ex. JOGO-2.) Investigators determined that the Defendant was indeed a citizen of El Salvador residing in the United States in a legal status.[2] They also learned that the Defendant promoted himself as a purveyor of services to Spanish-speaking persons interested in procuring federal and state forms of documentation. (Ex. JOGO-1.) When investigators continued their investigation into the Defendant's prior work record, they learned that the Defendant had falsely completed several I-9 Forms–forms in which he stated that he was a citizen or national of the U.S. when in fact he was not.

But before the investigation concluded, the Defendant received a permit and an identification card enabling him to work on United States Navy bases throughout the Mid-

---

[2]The Defendant, after receiving a warning of his Constitutional rights, signed a written statement in which he admitted to his place of birth and that he had falsely completed work applications, stating that he was a U.S. citizen at that time of application when he knew, in fact, that he was not. (Ex. JOGO-2.)

Atlantic region. (Ex. NAVY-3.) At trial, witnesses testified that while access to U.S. Navy bases does not necessarily depend upon one's nationality at birth, certain portions of Naval bases are highly sensitive areas that prohibit foreign-born persons from gaining access–regardless of their legal status within this country.

The Defendant presented no evidence at trial.

### III. OPINION OF THE COURT

#### A. Findings of Fact

The Court finds the following facts in this case:

1. The Defendant, Josue Osmaro Garcia-Ochoa, was born in San Salvador, El Salvador and is a citizen of the country of El Salvador. (Ex. CIS-1A; Ex. JOGO-2.)

2. While the Defendant is in the United States in a legal status, he is NOT a United States Citizen. (Ex. CIS-1A.)

3. On June 23, 2006, the Defendant knowingly and intentionally completed an I-9 Employment Eligibility Verification Form in which he intentionally stated that he was a citizen or national of the United States. The Defendant knew that this was an incorrect statement when he made it. (Ex. BALL-1.)

4. On August 25, 2006, the Defendant knowingly and intentionally completed an I-9 Employment Eligibility Verification Form in which he intentionally stated that he was a citizen or national of the United States. The Defendant knew that this was an incorrect statement when he made it. (Ex. HEARD-2.)

5. On January 16, 2006, the Defendant knowingly and intentionally completed an I-9 Employment Eligibility Verification Form in which he intentionally stated that he was a citizen

or national of the United States. The Defendant knew that this was an incorrect statement when he made it. (Ex. CENT-1.)

6. Section 1 of the I-9 Form contains information specifically warning persons completing the form that it is unlawful to make a false statement concerning the individual's nationality or lawful status within the United States. It states, "I am aware that federal law provides for imprisonment and/or fines for false statements or use of false documents in connection with the completion of this form." (See, e.g., Ex. CENT-1; Ex. HEARD-2; Ex. BALL-1.)

**B.    Standard of Review**

In a criminal case, the Government has the burden at trial of proving beyond a reasonable doubt every element of the offense charged. In the instance of a non-jury trial such as this one, the trial judge is the finder of fact and must determine whether the evidence establishes beyond a reasonable doubt all of the elements in each alleged offense. See United States v. O'Connor, 158 F.Supp.2d 697, 720-29 (E.D. Va. 2001).

This Court will address each alleged offense in turn.

**C.    Violations of 18 U.S.C. § 1001:**

   **Counts One, Four, Six (2:08cr104) and Count Two (2:08cr153)**

Section 1001 of Title 18 of the United States Code provides that:

> . . . [W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the government of the United States, knowingly and willfully . . . makes any materially false, fictitious or fraudulent statements or representation . . . shall be fined under this title, imprisoned . . . or both.

18 U.S.C. § 1001 (2008).

In order to sustain a conviction under this section, the Government must prove each of

the following counts beyond a reasonable doubt: (1) that the defendant knowingly made a material false or fictitious or fraudulent statement; (2) that the defendant made the statement voluntarily and intentionally; and (3) that the defendant made the statement in a matter within the jurisdiction of the executive branch of the government of the United States, e.g., in an Employment Eligibility Verification Form ("I-9 Form"). See United States. v. Arch Trading Co., 987 F.2d 1087, 1095 (4th Cir. 1993). See also United States v. Yermian, 468 U.S. 68-75 (1984) (finding that the government is not required to prove that the defendant had a purpose to mislead a federal agency).

In support of proving Count One against the Defendant, the Government presented an I-9 Form, dated June 23, 2006, in which the Defendant signed his name and attested that he was a citizen or national of the United States. (Ex. BALL-1.) Ms. Julie Green testified that this I-9 Form was kept on record by S.B. Ballard Construction Co.

In support of Count Three, the Government presented into evidence an I-9 Form, signed by the Defendant and dated August 25, 2006, which bore the signature of the Defendant and which attested that he was a national or citizen of the United States. (Ex. HEARD-2.) Ms. Tammy Schlatter testified that this I-9 Form was kept on record by Heard Construction.

In support of Count Six, the Government presented evidence indicating that on March 3, 2008, Heard Construction transferred the Defendant's I-9 Form of August 25, 2006, to the United States Navy as part of protocol for the Navy to screen the records of potential workers on Navy installations. (Ex. HEARD-3.)

In support of Count Two (of the indictment in the second case), the Government presented into evidence an I-9 Form, signed by the Defendant and dated January 16, 2006. (Ex. CENT-1.) On this I-9 Form the Defendant attested, under penalty of perjury, that he was a

citizen or national of the United States. Mr. Vince Martini of Century Concrete, Inc. testified that this information was kept on record by the company during and after the Defendant's employment with the company.

The Government also placed into evidence proof that the Defendant was born in San Salvador, El Salvador. (See Ex. CIS-1A; Ex. JOGO-2.)

### 1. Motion for Judgment of Acquittal with respect to all counts pertaining to 18 U.S.C. § 1001: Materiality

At the conclusion of the Government's case, the Defendant presented a motion arguing that the Government's evidence was insufficient to sustain a conviction.

In his motion under Rule 29 of the Federal Rules of Criminal Procedure, the Defendant contends that he must be acquitted of all charges in violation of 18 U.S.C. § 1001 as the evidence provided on an I-9 Form is insufficient evidence of guilt. The Defendant argues that he was seeking a job for which he was fully authorized to perform as a legal resident. Since an employer cannot base a hiring decision on a person's immigration status, the Defendant claims that the information on the I-9 Form was irrelevant to the job and, therefore, cannot be material. The Defendant claims that the purpose of the I-9 is to police the employer and to keep him or her from employing someone who is not authorized to work within the United States. In support of his argument, the Defendant points to the testimony of an immigration official who informed the Court that the I-9 is not part of a person's immigration file. The official further testified that the I-9 is placed in the employee's work file and is destroyed one-year after termination. The Defendant contends, therefore, that I-9 Form is of no use to any other person than the employer.

The Court disagrees with the Defendant and finds that the Defendant's statement on the I-9 Form was material. While it may be true that the statement was not material to the issue of a

person's qualifications for employment, this does not negate the fact that the Defendant's false statement with respect to his status as citizen or national of the United States was a material one.

In the context of § 1001, the Fourth Circuit has held that "[t]he test for materiality is whether the false statement has a natural tendency to influence agency action or is *capable of influencing* agency action." United States v. David, 83 F.3d 638, 640 (4th Cir. 1996) (quoting United States v. Norris, 749 F.2d 1116, 1122 (4th Cir. 1984); emphasis added).

Additionally, the Supreme Court has held that materiality is a question of fact--or at the very least is a mixed question of fact and law. United States v. Gaudin, 515 U.S. 506, 518-19 (1995) (holding that where materiality is an element of the crime, materiality is a question for the jury).

In essence, the Defendant argues this: a false statement on the I-9 Form cannot be material if the applicant is authorized to work in the United States. And the logical conclusion of this argument requires this Court to believe that the I-9 Form, issued by the Department of Homeland Security, is of no legal consequence. If we were to accept the Defendant's argument as true, then it would make the Defendant's oath on the I-9 Form completely unnecessary.

This cannot be. The I-9 is not a useless piece of paper with a useless statement on it.

The material nature of the Defendant's statement is really an issue of what occurs subsequent to the making of the applicant's statement. Employers maintain the I-9 Forms for access by government officials both during the person's employment, as well as for one year *after* a person completed work for the employer. And testimony at trial indicated that the I-9 is often used as a tool by law enforcement officials. For instance, Ms. Peggy Roberts, Special Agent for Immigration and Customs Enforcement (ICE), testified to the Court that the I-9 Form is frequently used for investigative purposes in pursuing illegal aliens in this country.

Furthermore, in case there was any doubt as to the importance of the statement, the I-9 Form specifically states that one completing the document does so under penalty of perjury. Therefore, the I-9 Form provides information capable of influencing governmental and executive agency action.

This Court finds that there was sufficient evidence present to conclude beyond a reasonable doubt that the Defendant's statement on the I-9 Form was material.  As to whether the document was capable of influencing agency action, the facts showed that the I-9 was held and maintained by his employers; moreover, this form was made readily available for review by government officials.  The fact that the Defendant knowingly made his false statement shows that he intentioned to mislead officials reviewing the document.  It also reveals that he knowingly did not reveal his true nature to persons of the government who might rely upon the information contained on the I-9.  When the Defendant falsely stated that he was a citizen or national of the United States, he knowingly made a false statement that was material to a matter within the jurisdiction of the United States.  The facts presented in this case make that abundantly clear.

Therefore, the Defendant's Motion is denied.

### 2. Findings of the Court:

### Counts One, Four, Six (2:08cr104) and Count Two (2:08cr153)

The Court finds that the Defendant is guilty of Counts One and Four of the Superseding Indictment (case number 2:08cr104) and Count Two of the Indictment in the second case (case number 2:08cr153).  With respect to these specific counts, the Government proved every element beyond a reasonable doubt.  That is, the Defendant made a false statement on the I-9 Form, the statement was a material one, the Defendant made the statement voluntarily, and the I-9 Form

was within the jurisdiction of the executive branch of the United States.

However, with respect to Count Six of the Superseding Indictment, this Court finds the Defendant not guilty. While the Government proved that Heard Construction transferred the Defendant's I-9 Form to the Navy on March 3, 2008, the Government never presented evidence that the Defendant actually made a fraudulent statement as to that specific date. The Government only presented evidence that the Defendant signed the I-9 on August 25, 2006 and that this I-9 was subsequently transferred to the Navy. This appears to the Court to be the Government's attempt to charge the Defendant for the same crime twice[3] and that is impermissible. See Missouri v. Hunter, 459 U.S. 359, 370-71 (1983) ("But the Constitution does not permit a State to punish as two crimes conduct that constitutes only one "'offence' . . .").

### C. Violations of 18 U.S.C. § 911:

### Count Three (2:08cr104) and Count One (2:08cr153)

Section 911 of Title 18 of the United States Code provides the following:

> Whoever falsely and willfully represents himself to be a citizen of the United States shall be fined or imprisoned . . . or both.

18 U.S.C. § 911 (2008).

In order to sustain a conviction under this section, the Government must prove each of the following counts beyond a reasonable doubt: (1) that the defendant falsely represented himself to be a citizen of the United States; (2) that the defendant was not a citizen of the United States at that time; and (3) that the defendant made such representation willfully, that is, the misrepresentation was voluntary and deliberately made. See U.S. v. Romero-Avila, 210 F.3d 1017, 1020-21 (9th Cir. 2000); United States v. Harrell, 894 F.2d 120 (5th Cir. 1990); Chow

---

[3] See Count Three of the Superseding Indictment (case number 2:08cr104).

Bing Kew v. United States, 248 F.2d 466 (9th Cir. 1957) (finding that willfully requires proof that misrepresentation was deliberate and voluntary); Smiley v. U.S., 181 F.2d 505 (9th Cir. 1950) (determining that the statute does not require that the answer be made in reply to an inquiry by one having a legal right to ask in furtherance of official authority).

In support of the charges in Count Three, the Government presented into evidence an I-9 Form signed by the Defendant and dated August 25, 2006. (Ex. BALL-1.) On this form, the Defendant attested, under penalty of perjury, that he was a citizen or national of the United States.

In support of the charges in Count One (of the Indictment in the second case), the Government presented into evidence an I-9 Form signed by the Defendant and dated January 16, 2006. On this form the Defendant attested, under penalty of perjury, that he was a citizen or national of the United States. (Ex. CENT-1.)

As in the previous counts against the Defendant, the Government also placed into evidence proof that the Defendant was born in San Salvador, El Salvador. (See Ex. CIS-1A.)

### 1. Motion for Judgment of Acquittal with respect to all counts pertaining to 18 U.S.C. § 911: Statement of Citizenship

Defendant argues that when the Defendant checked the box on the I-9 Form which stated "A citizen or national of the United States," he did not, in fact, state that he was a citizen of the United States. The disjunctive structure of that statement means, according to the Defendant, that the Defendant did not affirmatively state that he was a citizen of the United States.

The Court agrees with the Defendant.

A conviction under § 911 requires that, among other things, the Government prove beyond a reasonable doubt that the defendant falsely represented himself to be a citizen of the

United States. The evidence provided by an I-9 Form is insufficient to sustain a conviction as the evidence only shows that the Defendant stated he was either "[a] citizen *or* national of the United States." (See, e.g., Ex. HEARD-2.)

The Ninth Circuit addressed a similar matter when it overturned the conviction of an individual found guilty of violating 18 U.S.C. § 911 for wrongfully completing an INS I-9 Form. United States v. Karaouni, 379 F.3d 1139 (9th Cir. 2004). The Ninth Circuit noted that the "syntactic distinction is critical because the legal definition of U.S. national and U.S. citizen are not synonymous." Id. at 1142. The act of checking the box on the I-9 Form next to the printed statement "I attest, under penalty of perjury, that I am. . . .[a] citizen or national of the United States" is not sufficient, Id. at 1140, because "[a]ll citizens of the United States are nationals, but some nationals . . . are not citizens," Id. at 1142-43 (citing 8 U.S.C. § 1408). The Karaouni court pointed to the U.S. Code which states that a national of the United States is "a person who, though not a citizen of the United States, owes permanent allegiance to the United States." Karaouni, 379 F.3d at 1143 (citing 8 U.S.C. § 1101(a)(22)).

In this case, the facts only establish that the Defendant provided an inference of citizenship. This, as the Ninth Circuit noted, cannot sustain a conviction. Karaouni, 379 F.3d at 1144 ("a statement in which U.S citizenship could be inferred is insufficient evidence to support a conviction under § 911."). Other circuits agree. See United States v. Anzalone, 197 F.2d 714, 717-18 (3d Cir. 1952); United States v. Franklin, 188 F.2d 182, 187-88, (7th Cir. 1951).

Also of note is the Code of Federal Regulations which provides limitations upon the use of the I-9. The regulation states, "Any information contained in or appended to the Form I-9. . . may be used only for enforcement of the Act and sections 1001, 1028, 1546, or 1621 of title 18, United States Code." 8 C.F.R. § 274a.2 (b)(4) (2008). 18 U.S.C. § 911 is explicitly excluded

from this regulation.[4]

Therefore, based upon case law, the C.F.R., and the evidence presented in this case, the Court can do nothing other than sustain the Defendant's position. The Government has not presented evidence sufficient to carry its burden and cannot show, definitively, that the Defendant falsely claimed himself to be a citizen of the United States when he checked the wrong box on an I-9 Employment Eligibility Verification Form. The Defendant only attested to a disjunctive statement of being either a citizen or a national which, from this Court's perspective, is insufficient to prove beyond a reasonable doubt that he represented himself to be a citizen of the United States.

It is also important to address the Government's evidence of a written admission made by the Defendant to a special agent of the State Department on May 28, 2008. (See Ex. JOGO-2.) In that admission, the Defendant stated that he had intended to represent himself as a United States citizen when he completed the I-9 Form of August 25, 2006. In that written admission, the Defendant stated that when "I submitted an employment I-9 eligibility form to Heard Concrete on [sic] that form I listed myself as a citizen of the United States." Id.

Even if this Court were to construe the Defendant's statement as an admission of his *intention* to state that he was a United States citizen, this does not alter the fact that on August 25, 2006, the Defendant's act was to falsely attest to being either a citizen *or* a national of the United States. In other words, the statement is what it is. It cannot be changed by an ex post explanation of what the Defendant *meant* to say in the I-9 Form of August 25th. See Karaouni, 379 F.3d at 1145.

---

[4]The canon of statutory interpretation *expressio unius* suggests that the expression of one item of a commonly associated group of series excludes other left unmentioned. United States v. Vonn, 535 U.S. 55, 65 (2002).

    **2.**    **Findings of the Court:**

    **Count Three (2:08cr104) and Count One (2:08cr153)**

Accordingly, the Court sustains the Defendant's motion for Judgment of Acquittal with respect to Count Three of the Superseding Indictment and Count One of the Second Indictment. The Government has not provided any evidence to show that the Defendant falsely represented himself to be a citizen of the United States when he made false statements on the I-9 Form. The Defendant is thereby acquitted of all counts pertaining to 18 U.S.C. § 911.

    **C.**    **Violations of 18 U.S.C. § 1546:**

    **Counts Two and Five (2:08cr104)**

The United States Code provides that

> Whoever knowingly makes an oath, or as permitted under penalty of perjury under section 1746 of title 28, United States Code, knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder . . . [s]hall be fined under this title or imprisoned . . . .

18 U.S.C. § 1546(a) (2008).

In order to sustain a conviction under this section, the Government must prove each of the following elements beyond a reasonable doubt: (1) that the defendant subscribed as true a false statement; (2) that the defendant acted with knowledge that the statement was untrue; (3) that the statement was material; (4) that the statement was stated under penalty of perjury; and (5) that the statement was made on a document required by immigration laws or regulations prescribed thereunder. See U.S. v. O'Connor, 158 F.Supp.2d 697, 720 (E.D.Va. 2001). See also United States v. Abuagla, 336 F.3d 277 (4th Cir. 2003); United States v. Arch Trading Co., 987 F.3d 1087, 1095 (4th Cir. 1993); United States v. Sarihifard, 155 F.3d 301, 307 (4th Cir. 1998).

In support of its case against the Defendant, the Government presented the same evidence

as it did for all the previous offenses in this matter: (1) for Count Two, an I-9 Form dated June 23, 2006 (Ex. BALL-1); (2) for Count Five, an I-9 Form dated August 25, 2006 (Ex. HEARD-2); and (3) proof of the Defendant's El Salvadoran citizenship (Ex. CIS-1A).

### 1. Motion for Judgment of Acquittal with respect to all counts pertaining to 18 U.S.C. § 1546: To *Attest*

The Defendant also moves for a Judgment of Acquittal to those counts pertaining to violations of 18 U.S.C. § 1546(a). In order to sustain a conviction under this statute, the Government must prove, among other things, that the statement was made under penalty of perjury. See O'Connor, 158 F.Supp.2d at 720. Unsworn declarations under penalty of perjury are governed by § 1746 of Title 28, which provides the following:

> Wherever, under . . . any rule, regulation, order, or requirement made pursuant to law, any matter is required . . . to be supported, evidenced, established or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: . . . (2) If executed within the United States: "I declare (or certify, verify, or state) under penalty of perjury . . . ."

28 U.S.C. § 1746 (2008) (emphasis added).

The Defendant argues that he should be acquitted of the charges pertaining to alleged violations of 18 U.S.C. § 1546 (which is subjoined by § 1746 of Title 28) because § 1746 does not include the word "attest"and sets forth other words.[5]

The Court disagrees. *Attest* means "to affirm to be true or genuine" and to "authenticate

---

[5]The I-9 Employment Eligibility Verification Form states, "I *attest*, under penalty of perjury, that I am . . . ." (See, e.g., Ex. HEARD-2 (emphasis added).)

officially (as the truth of a writing) . . . ." Webster's International Dictionary 141 (3d ed. 1981). Therefore, *attest* is a word of great particularity and specificity–even more stringent than the words *declare*, *certify*, *verify*, or *state* as listed in § 1746. The definition of the word *attest* therefore must include the meaning of words listed in § 1746 rather than without.[6] Moreover, the presence of "in substantially the following form" prior to the use of the said terminology further bolsters the conclusion that *attest* falls within the purview of § 1746. In its most common usage, *substantially* means a "manner . . . consisting of, relating to, sharing the nature of, or constituting substance . . . ." Webster's, supra, at 2280.

Therefore, in this Court's mind, the presence of the word *substantially* in 28 U.S.C. § 1746, points to an understanding of the statute which would include rather than exclude the statement on the I-9 Form of "I attest . . . ." The Court finds that "attest" is "substantially" within the meanings of the words set forth in the statute.

Furthermore, other courts have interpreted § 1746 to be triggered whenever the identity of the person making the statement is requested. See Summers v. U.S. Dep't of Justice, 999 F.2d 570, 572-73 (D.C. Cir. 1993) (noting that in the context of § 1746, "Congress has said unambiguously that whenever 'any matter' must be 'supported, evidenced, established, or proved' by a sworn declaration, an unsworn declaration *attested* to under penalty of perjury must

---

[6]The Defendant argues for the exclusion of the word *attest*, and relies upon the canon of statutory interpretation, *expressio unius est exclusio alterius*, which "justif[ies] the inference that items not mentioned were excluded by deliberate choice, not inadvertence." Barnhart v. Peabody Coal Co., 537 U.S. 149, 168 (2003). This canon typically applies when the expressed and unmentioned terms are part of a "commonly associated group or series," United States v. Vonn, 535 U.S. 55, 65 (2002). However, the Supreme Court has also noted that this canon is fallible and is but a guide that can be overcome by "contrary indications that adopting a particular statute was probably not meant to signal any exclusion of its common relatives." Vonn, 535 U.S. at 65. See also Burns v. United States, 501 U.S. 129, 136 (1991) ("An inference drawn from congressional silence certainly cannot be credited when it is contrary to other textual and contextual evidence of congressional intent.").

henceforth be equally acceptable."(emphasis added)).

The Defendant's motion is therefore denied.

### 2. Findings of the Court:

### Counts Two and Five (2:08cr104)

The Court finds that the Defendant is guilty of all counts pertaining to 18 § U.S.C. 1546, which are Counts Two and Five of case number 2:08cr104. The Government established every element beyond a reasonable doubt. Specifically, the Defendant committed the following acts: he made false statements on the I-9 Forms; he subscribed those statements as true when they were not; his statements on the I-9 Forms were material; the fact that he *attested* under penalty of perjury carries the same legal consequence as making a *statement* under penalty of perjury; and the statements in question were all made on an I-9 Form–a document that is required by the immigration laws of the United States.

## V. CONCLUSION

In this case, the Court was asked to address whether a false statement made on an I-9 Employment Eligibility Verification Form carries with it the consequence of criminal liability. This Court finds it does.

If this Court were to rule that statements made on an I-9 Form were inconsequential, then law enforcement and other governmental agencies would be deprived of an important investigatory tool. This country has a tremendous number of illegal aliens, and whether the I-9 Form be designed to police employers or whether the form be designed to police employees, the fact of the matter is that the I-9 is a tool for enforcing laws and protecting persons living within these borders. It is for these reasons that government officials may potentially rely upon the

information contained on the I-9.

Therefore, the statements made on the I-9 are material and must carry with them legal consequences, particularly when the persons completing the form are made fully aware of these consequences by the warning printed on the very document itself. Mr. Garcia-Ochoa was well aware of this when he completed the I-9 Forms in question, yet he chose instead to intentionally mislead others by the information he provided under oath. The Congress and the Courts of the United States have made clear that this type of activity is illegal.

For the aforementioned reasons, this Court hereby finds the Defendant, Mr. Josue Osmaro Garcia-Ochoa, **GUILTY** as to Counts One, Two, Four, and Five of the Superseding Indictment in the first case (case number 2:08cr104). The Court also finds him **GUILTY** as to Count Two of the Indictment in the second case against him (case number 2:08cr153). The Court finds him **NOT GUILTY** as to Counts Three and Six of the Superseding Indictment in case number 2:08cr104. The Court finds the Defendant **NOT GUILTY** of Count One in the Indictment in case number 2:08cr153.

The Clerk of the Court is **DIRECTED** to deliver a copy of this Order to all counsel of record in this case, to the Defendant, and to the United States Marshals Service.

**IT IS SO ORDERED.**

/s/
**Robert G. Doumar**
**United States District Judge**

**Norfolk, Virginia**
**February  9 , 2009**